**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 13-CV-1608-MHS |
| | ) |
| HARTMAN, SIMONS & WOOD, LLP, GIL Y. BURSTINER AND STEPHANIE B. SKIDMORE, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.      **Description of Case:**

      *a.      Describe briefly the nature of this action.*

      This action is a declaratory judgment and recoupment action relating to Defendants Hartman, Simons & Wood, LLP ("Hartman Simons"), Gil Y. Burstiner and Stephanie B. Skidmore's (collectively, "Defendants") claims for insurance coverage under two professional liability insurance policies issued by Plaintiff Twin City Fire Insurance Company ("Twin City") to Hartman, Simons for a malpractice suit filed against Defendants by the Bank of North Georgia (the "Bank").

      *b.      Summarize, in the space provided below, the facts of the case. The summary should not be argumentative nor recite evidence.*

Twin City issued two professional liability policies to Hartman Simons, which insure Hartman Simons and Mr. Burstiner and Ms. Skidmore for their professional legal services performed on Hartman Simons's behalf. In or around September 2009, the Bank hired Defendants to represent it in connection with a real estate transaction involving Northside Guaranty, LLC ("Northside"). As a part of that transaction, the Bank agreed to release Northside from a guaranty relating to a certain parcel of real estate. Defendants allegedly failed to notice that Northside included in a revision to certain transaction documents a broad release of all of Northside's and its affiliates' financial obligations to the Bank, alleged to be worth tens of millions of dollars. The Bank demanded that Defendants indemnify it for any losses resulting from Defendants' failure to identify and object to the change (the "Malpractice Claim"). The Bank later sent Defendants a time-limited settlement demand for the limits of one of the Twin City policies. Defendants demanded that Twin City agree to accept and fund the Bank's demand. Twin City disputed that it had any coverage obligations to Defendants for the Malpractice Claim for a variety of reasons, including Defendants' alleged failure to report timely the circumstances giving rise to the Malpractice Claim. On May 10, 2013, Twin City filed this action and states that later that day it agreed to accept the settlement under a full reservation of rights, including its right of recoupment. Defendants cannot confirm that the settlement agreement was reached after this action was filed. Further, Defendants assert that they did not consent to the settlement under reservation of rights, that they disagreed that Hartford had a right of recoupment, and that they asserted that Twin City's payment would be a voluntary payment. Twin City responded that it would be making payment pursuant to Hartman Simons' prior demand that it do so. Twin City then proceeded with the settlement and paid the demanded amount in exchange for the Bank's release of all claims against Defendants.

c.      *The legal issues to be tried are as follows:*

- Whether Twin City has coverage obligations to Defendants for the Malpractice Claim.

- Whether Twin City has any valid contractual or common law claim for allocation or recoupment from the Insureds.

- Whether Twin City has waived or is estopped from asserting its claims in this action.

2

- Whether Twin City's payment of the settlement of the Malpractice Claim was a voluntary payment that bars its claims in this action.

- To the extent the Court finds that Twin City has no coverage obligations for the Malpractice Claim and its claims are not waived, estopped or otherwise barred, the amount that Twin City is entitled to recoup from Defendants.

- Whether Twin City has stated a valid claim for declaratory relief.

- If the Court finds that Twin City has coverage obligations for the Malpractice Claim and declaratory relief is appropriate, a declaration of the appropriate allocation between Twin City and Defendants of the (i) defense costs paid by Twin City in connection with the Malpractice Claim and (ii) the settlement amount.

d.    *The cases listed below (include by style and action number) are:*

    i.    *Pending Related Cases:*

    - *Northside Guaranty, LLC, et al. v. Synovus Bank, et al*., Civil Action No. 2010CV187092 (Super. Ct. Ga., Fulton County); and

    - *Williams Asset Management, LLC v. Synovus Bank*, Civil Action No. 2010CV187095 (Super. Ct. Ga., Fulton County).

    ii.    *Previously Adjudicated Related Cases:*  None.

**2.    This case is complex because it possess one or more of the features listed below (please check):**

    _____  1.  Unusually large number of parties
    _____  2.  Unusually large number of claims or defenses
    _____  3.  Factual issues are exceptionally complex
    _____  4.  Greater than normal volume of evidence
    _____  5.  Extended discovery period is needed

3

> _____  6.  Problems locating or preserving evidence
> _____  7.  Pending parallel investigations or action by government
> _____  8.  Multiple use of experts
> _____  9.  Need for discovery outside United States boundaries
> _____  10. Existence of highly technical issues and proof
> _____  11. Unusually complex discovery of electronically stored information

**3.**   **Counsel:**   *The following individually-named attorneys are hereby designated as lead counsel for the parties:*

> **Plaintiff:**
>
> Philip W. Savrin
> Freeman, Mathis & Gary, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, GA 30339-5948
>
> **Defendants:**
>
> Shattuck Ely
> Christina M. Baugh
> Fellows LaBriola, LLP
> 225 Peachtree Street, N.E.
> Suite 2300 South Tower
> Atlanta, GA 30303

**4.**   **Jurisdiction:**

*Is there any questions regarding this Court's jurisdiction?*  No.

**5.**   **Parties to This Action:**

a.   There are no persons who are necessary parties who have not been joined.

b.   There are no persons who are improperly joined as parties.

4

     c.    There are no parties whose names are either inaccurately stated or portions of their names omitted.

     *d.    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

## 6.    Amendment of the Pleadings:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.*

     a.    The parties do not anticipate that any amendments to the pleadings will be necessary.

     *b.    Amendments to the pleadings submitted LATHER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

## 7.    Filing Times for Motions:

*All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court of file later.  Local Rule 7.1A(2).*

     *a.    <u>Motions to Compel</u>:  before the close of discovery or within the extension period allowed in some instances.  Local Rule. 37.1.*

     *b.    <u>Summary Judgment Motions</u>:  within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.*

     *c.    <u>Other Limited Motions</u>:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

    *d.    <u>Motions Objecting to Expert Testimony</u>:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.*

## 8.  Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).*

No party objects to serving initial disclosures.

## 9.  Request for Scheduling Conference:

*Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.*

No party believes that an initial scheduling conference is necessary.

## 10.  Discovery Period:

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

The parties believe that discovery is needed regarding, among other things:

- When Defendants became aware of the Malpractice Claim;

- When Defendants became aware of a fact or circumstance that one or more of them (i) knew might result in a claim or (ii) could reasonably have foreseen might result in a claim;

- When Defendants provided notice to Twin City of the Malpractice Claim;

- When Defendants provided notice to Twin City of facts or circumstances that one or more of them (i) knew might result in a claim or (ii) could reasonably have foreseen might result in a claim;

- Hartman Simons' practices and procedures relating to the reporting of malpractice claims;

- Gil Y. Burstiner and Stephanie B. Skidmore's knowledge of Hartman Simons' practices and procedures relating to the reporting of malpractice claims;

- Hartman Simons' prior handling of malpractice claims and its reporting of such claims to its insurers;

- Twin City's adjustment of the Malpractice Claim, reservations of rights issued in response to the claim, and retention of defense counsel;

- Twin City's decision to file a declaratory judgment action on May 10, 2013;

- Twin City's decision to settle the Malpractice Claim;

- Twin City's knowledge of the Insureds' refusal to contribute to the settlement and objection to Twin City's attempted reservation of rights at the time it agreed to settle the Malpractice Claim.

- Defendants' demand that Hartford accept and fund the Bank's time-limited settlement demand.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited to or focused upon particular issues, please state those reasons in detail below.*

The parties do not believe that additional time beyond four months is necessary to conduct discovery, nor do they believe that discovery should be phased or otherwise limited.

Twin City has requested that Defendants agree to begin discovery immediately.  Defendants have declined that request.  Defendants believe no discovery should take place until after the Court has ruled on Defendants' motion to dismiss.  Twin City disagrees.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

*a.    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.*

At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules are necessary.

*b.    Is any party seeking discovery of electronically stored information?*

i.    At this time, the parties anticipate that electronic discovery will be required in this case, but anticipate that searches for responsive information will be limited to electronically stored information within each party's respective possession, custody, and control.  The parties do not anticipate that searches need to be limited to certain agreed upon search terms, time limitations, or certain key witnesses.

*ii.    The parties have discussed the format of the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

8

The parties agree to produce documents, including electronically stored information, in TIFF images with corresponding Concordance or Summation load files on CD.  The parties agree that the parties need not produce metadata in the first instance.  To the extent possible, the parties will produce documents, including electronically stored information, in a manner that indicates the first and last pages of each document, including its attachments, and file labels.  The parties also agree that each party shall number each page of every document.  The numbers will serve to identify the documents throughout the litigation and shall include a unique alphabetical prefix which serves to identify the producing Party. Where part of a page is redacted, the fact and length of redaction shall be made clear on the face of the document.

**12.   Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

At this time, the parties do not believe that the Court should enter any additional orders under Rule 26(c) or under Rule 16(b) and (c).

**13.   Settlement Potential:**

a.   Lead counsel for the parties certifies by their signatures below that they conducted a Rule 26(f) conference that was held on June 21, 2013, and they participated in settlement discussions.  James P. Ruggeri and Edward B. Parks, II also participated in the discussion.

For Plaintiff:  Lead Counsel (signature):  _____

For Defendants:  Lead Counsel (signature):  _____

b.   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is no possibility of settlement.

c.   Counsel for the parties do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The parties will meet and confer regarding the scheduling of the next proposed settlement conference following the conclusion of discovery.

d.    The following specific problems have created a hindrance to settlement of this case.

Twin City and Defendants have a fundamental disagreement regarding the merits of Twin City's claims.

**14.    Trial by Magistrate Judge:**

*Note:  Trial before a Magistrate Judge will not be by jury trial if a party is otherwise entitled to a jury.*

a.    The Parties do not consent to having this case tried before a magistrate judge of this Court.

*/s/ Philip W. Savrin*
Philip W. Savrin, Esq.
Georgia Bar No.
Freeman Mathis & Gary
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
Phone:  (770) 818-1405
Fax:  (770) 937-9960
psavrin@fmglaw.com

Of Counsel:

*/s/ James P. Ruggeri*
James P. Ruggeri
Edward B. Parks, II
Shipman & Goodwin LLP
1133 Connecticut Ave., NW
Washington, DC  20036
Phone:  (202) 469-7750
Fax:  (202) 469-7751
jruggeri@goodwin.com
eparks@goodwin.com

*Attorneys for Plaintiff Twin City Fire Insurance Company*

*/s/ Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
Fellows LaBriola LLP
Peachtree Center
Suite 2300, South Tower
225 Peachtree Street, NE
Atlanta, Georgia  30303
Phone:  (404) 568-9200
Fax:  (404) 586-9201

*Attorneys for Defendants Hartman, Simons & Wood, LLP, Gil Y. Burstiner and Stephanie B. Skidmore*

10

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussion settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this ____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Shattuck Ely, Esq.
Christina M. Baugh, Esq.
Fellows LaBriola, LLP
Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, NE
Atlanta, GA  30303

This 9th day of July, 2013.

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)